UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA KOSTIK, | : | |
|     Plaintiff | : | CIVIL ACTION NO. 3:14-CV-2466 |
| | : | (Judge Nealon) |
| v. | : | |
| | : | |
| ARS NATIONAL SERVICES, INC., | : | |
|     Defendant | : | |

**MEMORANDUM**

On December 1, 2014, Plaintiff, Lisa Kostik, filed a complaint against Defendant, ARS National Services, Inc., alleging a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). (Doc. 1). On March 31, 2015, Plaintiff filed a motion for judgment on the pleadings. (Doc. 8). Defendant seeks judgment on Plaintiff's sole claim raised, specifically whether the Defendant's disclosure of Plaintiff's account number embedded in a barcode constitutes a violation of section 1692f(8) of the FDCPA.[1] On April 17, 2015,

---

1.  Pursuant to the FDCPA:

    > a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . (8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

Plaintiff filed her brief in opposition. (Doc. 10). Defendant has not filed a reply to Plaintiff's brief in opposition, and the deadline for such a filing has expired. See M.D. Pa. L.R. 7.7. The motion is now ripe for disposition, and for the reasons set forth below, Defendant's motion will be denied.

I.  **STANDARD OF REVIEW**

"Pursuant to Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings '[a]fter the pleadings are closed-but early enough not to delay trial.'" Abuomar v. Pa. Dep't of Corr., 2015 U.S. Dist. LEXIS 57919, at *5 (M.D. Pa. May 4, 2015) (Brann, J.) (quoting FED. R. CIV. P. 12(c)). "The pleadings are considered closed after an answer is filed, in addition to a reply to any counterclaims asserted in the answer." Id. (citing Atiyeh v. Nat'l Fire Ins. Co. of Hartford, 742 F. Supp. 2d 591, 595 (E.D. Pa. 2010)).

When deciding a Rule 12(c) motion for judgment on the pleadings, a district court must view the facts and inferences to be drawn from the pleadings in the light most favorable to the nonmoving party. Green v. Fund Asset Mgmt., L.P., 245 F.3d 214, 220 (3d Cir. 2001). The motion can be granted only if no relief could be afforded under any set of facts that could be provided. Turbe v. Gov't of the Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991). "Where, as here, a motion

---

15 U.S.C. § 1692f(8).
2

Plaintiff filed her brief in opposition. (Doc. 10). Defendant has not filed a reply to Plaintiff's brief in opposition, and the deadline for such a filing has expired. See M.D. Pa. L.R. 7.7. The motion is now ripe for disposition, and for the reasons set forth below, Defendant's motion will be denied.

I.  **STANDARD OF REVIEW**

"Pursuant to Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings '[a]fter the pleadings are closed-but early enough not to delay trial.'" Abuomar v. Pa. Dep't of Corr., 2015 U.S. Dist. LEXIS 57919, at *5 (M.D. Pa. May 4, 2015) (Brann, J.) (quoting FED. R. CIV. P. 12(c)). "The pleadings are considered closed after an answer is filed, in addition to a reply to any counterclaims asserted in the answer." Id. (citing Atiyeh v. Nat'l Fire Ins. Co. of Hartford, 742 F. Supp. 2d 591, 595 (E.D. Pa. 2010)).

When deciding a Rule 12(c) motion for judgment on the pleadings, a district court must view the facts and inferences to be drawn from the pleadings in the light most favorable to the nonmoving party. Green v. Fund Asset Mgmt., L.P., 245 F.3d 214, 220 (3d Cir. 2001). The motion can be granted only if no relief could be afforded under any set of facts that could be provided. Turbe v. Gov't of the Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991). "Where, as here, a motion

---

15 U.S.C. § 1692f(8).

for judgment on the pleadings argues that the plaintiff has failed to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(h)(2)(B), the court considers the motion under the same standard as a Rule 12(b)(6) motion, even though no motion to dismiss under Rule 12(b)(6) has been made." Abuomar, 2015 U.S. Dist. LEXIS 57919, at *5-6 (citing FED. R. CIV. P. 12(h)(2)(B) (failure to state a claim upon which relief can be granted may be raised by a motion under Rule 12(c)); Turbe, 938 F.2d at 428).

"Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted." Krawczyk v. Roaring Brook Twp., 2015 U.S. Dist. LEXIS 86955, at *9 (M.D. Pa. July 6, 2015) (Caputo, J.). "When considering such a motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of his claims." Id. (citing Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000)). The moving party bears the burden of showing that no claim has been stated. Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

"Federal Rule of Civil Procedure 8 'requires only a "short and plaint statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds on which it rests."'" Abuomar, 2015 U.S. Dist. LEXIS 57919, at *7 (quoting Bell Atl. Corp.

v. Twombly, 550 U.S. 544, 554 (2007)).  "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Rather, "a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory." Abuomar, 2015 U.S. Dist. LEXIS 57919, at *7 (citing Twombly, 550 U.S. at 561).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown'–'that the pleader is entitled to relief."  Iqbal, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)).  "As such, '[t]he touchstone of the pleading standard is plausibility.'"  Krawczyk, 2015 U.S. Dist. LEXIS 86955, at *10 (quoting Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012)).

    The court "must 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" McTernan v. City of York, 564 F.3d 636, 646 (3d Cir. 2009) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).  "However, 'the tenant that a court must accept as true all of the [factual] allegations contained in the complaint is inapplicable to legal conclusions.'"  Abuomar, 2015 U.S. Dist.

LEXIS 57919, at *6 (quoting Iqbal, 556 U.S. at 678) (alteration in original). Thus, "[i]n order to survive a motion to dismiss, the complaint must contain sufficient factual matter, which if accepted as true, states a facially plausible claim for relief." Caprio v. Healthcare Revenue Recovery Group, LLC, 709 F.3d 142, 147 (3d Cir. 2013) (citing Bistrian, 696 F.3d at 365). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

## II. STATEMENT OF FACTS

In accordance with the applicable standard of review, the following facts are derived from the complaint and are viewed in the light most favorable to the Plaintiff.

On or about December 5, 2013, Defendant mailed a letter in an envelope addressed to Plaintiff in an attempt to collect a debt from Plaintiff on an account that was identified by a number ending in 6284 ("the Account"). (Doc. 1, p. 7). The Account was accrued for household expenses. (Id.). Defendant regularly uses the mail to attempt to collect debts asserted to be due another. (Id.). The return mailing address was not physically printed on the envelope. (Id.). Rather, the return address was visible through a glassine window and read, in part, as follows:

"Department # 5996 P.O. Box 1259 Oaks, PA 19456." (Doc. 1, p. 7). A barcode was printed directly below the return address and visible through the glassine window. (Id. at pp. 7-8). The barcode, when electronically scanned, reveals the Plaintiff's account number that is associated solely with the Account. (Id.); see (Doc. 2, pp. 5-6). By disclosing the barcode to the general public, it increased the risk that Plaintiff would be a victim of identity theft. (Doc. 1, pp. 7-8).

Barcodes can be easily deciphered by consumers using widely-available free applications for "smart phones." (Id. at p. 8). Many consumers have these applications already installed on their "smart phones" to enable them access to quick response codes ("QR code"). (Id.). A QR code is a specific type of barcode that is used in marketing literature by many companies to enable consumers to direct their smart phones to a website merely by scanning the QR code. (Id.). Consequently, many consumers have installed "barcode readers" on their phones to take advantage of the convenience offered by scanning QR codes. (Id.).

## III. DISCUSSION

Defendant contends that Plaintiff's complaint fails to state a claim under the FDCPA as a matter of law. (Doc. 9, p. 12). First, Defendant argues that the FDCPA was not intended to prohibit the disclosure of benign symbols on any envelope sent by a debt collector as means of communicating with a consumer by

use of the mails. (Doc. 9, p. 12). While Defendant concedes that section 1692f(8) prohibits any language or symbol from appearing on a debt collection envelope, it claims that "the section 'was intended merely to prevent debt collectors from embarrassing debtors by announcing the delinquency on the outside of a debt collection letter envelope.'" (Id.) (quoting Goswami v. Am. Collections Enter., Inc., 377 F.3d 488, 494 (5th Cir. 2004)). According to Defendant, courts, when interpreting section 1692f(8), have "consistently found that 'benign' language or symbols do not violate [FDCPA's] prohibitions." (Id.). Defendant asks this Court to adopt a benign symbol exception to section 1692f(8). (Id.). Then, assuming such an exception will be adopted, Defendant argues that the barcode at issue qualifies as a benign symbol and thus, its motion should be granted. (Id. at pp. 14, 19).

Defendant also argues that imposing liability due to the possibility of illegal action by a third-party is "inappropriate." (Id. at p. 20). According to Defendant, "[t]he only way to view the information stored in the barcode at issue requires illegal action by a third party, making the imposition of liability under the FDCPA inappropriate." (Id.). In support, Defendant cites to Waldron v. Prof'l Med. Megmt., 2013 U.S. Dist. LEXIS 34402 (E.D. Pa. 2013), where the United States District Court for the Eastern District of Pennsylvania "acknowledged that, 'once

[a letter] is placed in the U.S. Mail, the collection letter may not be "scanned" with impunity,' further protecting the information stored in the barcode." (Doc. 9, p. 20) (quoting Waldron, 2013 U.S. Dist. LEXIS 34402, at *10). Defendant contends that when a barcode, such as the one presently at issue, is visible on an envelope sent through the United States Postal Service the consumer's privacy is protected by 18 U.S.C. § 1702, which prohibits individuals from taking another's mail with the specific intent to obstruct correspondence or pry into the business or secret of another. (Id.). Defendant also cites to 18 U.S.C. § 1703, which allows "[o]nly U.S. Postal workers . . . to handle the mail, and even then, federal law prohibits those employees from tampering with the mail." (Id. at p. 21). Defendant also points to certain regulations found in the *United States Postal Service Handbook* and the *United States Postal Service, Administrative Support Manual* in support of the instant motion. (Id. at pp. 20-21) (citing *United States Postal Service Handbook M-41: City Delivery Carriers Duties and Responsibilities* 131.34 (2001) (U.S. postal workers are allowed to "exhibit mail to the addressees only"); *United States Postal Service, Administrative Support Manual* 274.21 (2005) (Postal workers are prohibited from searching, inspecting, reading, or disclosing information obtained from the mail or its contents)). Defendant concedes that, even in light of these laws and regulations protecting

8

mail, there is a "possibility that a private individual would break the law, intercepting an envelope and scanning the barcode," but, according to Defendant, "the imposition of liability . . . due to the possibility a third party would break federal law is inappropriate." (Doc. 9, p. 21).

Plaintiff responds by asserting that this Court need not decide whether a benign symbol exception should be adopted because the barcode at issue is not benign. (Doc. 10, pp. 4-9). In support of this argument, Plaintiff relies upon the Third Circuit's decision in Douglass v. Convergent Outsourcing, 765 F.3d 299 (3d Cir. 2014). (Doc. 10, pp. 4-9). Plaintiff contends that the account number at issue here, which is embedded in a barcode, "is no different than the account number in Douglass, and there is no basis for Defendant's argument that the account number does not constitute Plaintiff's identifying information." (Id. at pp. 6-7). According to Plaintiff, "the lawfulness of a disclosure is determined by the nature of the underlying information, and not by whether that information is contained in a barcode." (Id. at p. 8). "Thus," Plaintiff concludes, "because the Barcode contains Plaintiff's account number, under [Douglass] it cannot be benign." (Id. at pp. 8-9). "As a result, making it visible through the glassine window violated § 1692f(8), and defendant's motion should fail." (Doc. 10, p. 9).

Congress enacted the FDCPA in 1977:

9

> to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

15 U.S.C. § 1692(e). "These abusive debt collection practices, Congress found, lead to personal bankruptcies, marital instability, the loss of jobs, and, relevant to our analysis, 'invasions of individual privacy.'" Douglass, 765 F.3d at 302 (citing 15 U.S.C. § 1692(a)). The FDCPA is remedial legislation and "'must be broadly construed in order to give full effect to these purposes.'" Id. (quoting Caprio, 709 F.3d at 148).

To accomplish the FDCPA's goals, Congress created "a private right of action against debt collectors who fail to comply with [the FDCPA's] provisions." Grubb v. Green Tree Servicing, LLC, 2014 U.S. Dist. LEXIS 100886, at *9 (D.N.J. 2014) (citing 15 U.S.C. § 1692k; Marx v. Gen. Revenue Corp., 133 S. Ct. 1166, 1171 n.1 (2013); Brown v. Card Serv. Ctr., 464 F.3d 450, 453 (3d Cir. 2006)). The provision of the FDCPA at issue here is section 1692f, which "prohibits a debt collector from using 'unfair or unconscionable means' to collect a debt." Douglass, 765 F.3d at 302 (quoting 15 U.S.C. § 1692f). Section 1692f "sets out a nonexclusive list of conduct that qualifies as unfair or unconscionable." Id. Plaintiff claims that Defendant violated subparagraph 8 of section 1692f,

which prohibits a debt collector from:

> [u]sing any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

15 U.S.C. § 1692f(8).

The narrow issue at bar is whether Plaintiff has alleged sufficient facts, accepted as true, to state a facially plausible claim for relief under section 1692f(8) of the FDCPA. To prevail on her FDCPA claim, Plaintiff must prove that (1) she is a consumer; (2) Defendant is a debt collector; (3) the Defendant's challenged practice involves an attempt to collect a "debt" as the Act defines it; and (4) Defendant has violated a provision of the FDCPA in attempting to collect the debt. Douglass, 765 F.3d at 303 (citing Piper v. Portnoff Law Assos., Ltd., 396 F.3d 227, 232 (3d Cir. 2005)). The alleged violation at issue is the disclosure of the Plaintiff's account number, which was embedded in a barcode, on the face of Defendant's debt collection envelope. (Doc. 1, pp. 7-8). According to Defendant, Plaintiff's claim cannot satisfy the fourth element because, under these circumstances, Defendant's alleged disclosure of the barcode, a benign symbol, did not violate section 1692f(8). (Doc. 9, pp. 14-19, 25).

To answer a statutory interpretation question, courts must first look to the

11

text of the relevant statute. Douglass, 765 F.3d at 302 ("In statutory interpretation, we begin with the text.") (citing Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 367 (3d Cir. 2011)). "If the statute's plain language is unambiguous and expresses [Congress's] intent with sufficient precision, we need not look further." Allen, 629 F.3d at 367 (citing In re Lord Abbett Mut. Funds Fee Litig., 553 F.3d 248, 254 (3d Cir. 2009)). "But if the 'literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters,' then we are obligated to 'construe statutes sensibly and avoid constructions which yield absurd or unjust results.'" Douglass, 765 F.3d at 302 (quoting United States v. Fontain, 697 F.3d 221, 227 (3d Cir. 2012)). "Where the plain meaning of a statute would lead to an absurd result, we presume 'the legislature intended exceptions to its language [that] would avoid results of this character.'" Id. (quoting Gov't of Virgin Islands v. Berry, 604 F.2d 221, 225 (3d Cir. 1979)) (alteration in original).

In Douglass, the defendant argued that to avoid an absurdity the court had to adopt a benign language and symbol exception to the FDCPA. Id. at 303. Specifically, the defendant did not dispute that the plain language of section 1692f(8) prohibits "including [the plaintiff's] account number on the face of the envelope." Id. Rather, the defendant argued "that a literal application of the statute creates an absurdity." Id. According to the defendant in Douglass:

12

> [i]f the statute is interpreted to bar any language other than a debt collector's name and address, the argument follows, then no debt collector could ever send a letter through the mail-the envelope could not display the name and address of the recipient or even a stamp without violating the FDCPA.

Douglass, 765 F.3d at 303. The defendant claimed "that to prevent absurd results" the Third Circuit "must adopt a 'benign language' exception to the FDCPA that would allow for markings on an envelope so long as they do not suggest the letter's purpose of debt collection or humiliate or threaten the debtor." Id.

The Third Circuit found that the defendant's disclosure of the plaintiff's account number implicated "a core concern animating the FDCPA–the invasion of privacy." Id. According to the Third Circuit:

> [s]ection 1692(a) of the FDCPA explains that Congress enacted the law in response to "abundant evidence" of abusive debt collection practices that cause manifest harms to individuals, among them "invasions of individual privacy."

Id. (citing 15 U.S.C. § 1692(a)). With this in mind, the Third Circuit found that "[t]he disclosure of [plaintiff's] account number raises these privacy concerns." Id. Specifically, the Third Circuit stated that the plaintiff's account number was "a core piece of information pertaining to [plaintiff's] status as a debtor and [defendant's] debt collection effort." Id. Moreover, the Third Circuit concluded that "disclosure [of the account number] has the <u>potential</u> to cause harm to a

consumer that the FDCPA was enacted to address." Douglass, 765 F.3d at 303 (emphasis added).  As a result of the foregoing, the Third Circuit held that the plaintiff's account number is "impermissible language or symbols under § 1692f(8)" because "[c]onstruing § 1692f(8) in accord with the FDCPA's purposes in § 1692(a), we find the statute not only proscribes potentially harassing and embarrassing language, but also protects consumers' identifying information." Id. at 306.

The Third Circuit also went on to state that the disclosure of the plaintiff's account number was not benign.  According to the Third Circuit, such a disclosure was not benign because by divulging such information to the public meant it "could be used to expose [the plaintiff's] financial predicament." Id. at 303 (emphasis added).  Further, the Third Circuit rejected defendant's argument that since the plaintiff's account number "is a meaningless string of numbers and letters," its disclosure "has not harmed and could not possibly harm" plaintiff. Id. at 306.  Rather, the Third Circuit found that the "account number is not meaningless–it is a piece of information capable of identifying [plaintiff] as a debtor." Id.

As a result of this finding, the Third Circuit expressly declined to decide whether "section 1692f(8) contains a benign language exception because even if

such an exception existed, [the plaintiff's] account number is not benign."

Douglass, 765 F.3d at 303. In furtherance of this conclusion, the Third Circuit went on to state that:

> [w]e recognize that 15 U.S.C. § 1692f(8) should not be read to create absurd results. But we believe the disclosure of private information in this case is proscribed by the [FDCPA]. We express no opinion as to the benign language exception that some courts have adopted.

Id. at 306 n.9.

In Styer v. Prof'l Med. Mgmt., 2015 U.S. Dist. LEXIS 92349 (M.D. Pa. July 15, 2015) (Nealon, J.), this Court applied Douglass to circumstances similar to those present here. In Styer, the parties submitted cross motions for summary judgment on the plaintiff's sole claim raised, specifically whether the Defendant's disclosure of a QR code that, when electronically scanned, revealed the plaintiff's name, address, and account number constituted a violation of section 1692f(8) of the FDCPA. Id. at *1-2. Applying Douglass to the facts in Styer, it was determined that the disclosure of that QR code on the debt collection envelope was prohibited under section 1692f(8) of the FDCPA and thus, judgment was entered in favor of the plaintiff. Id. at *23.

Applying Douglass and Styer to the present circumstances, and construing the complaint in the light most favorable to the Plaintiff, it is determined that

Defendant's motion will be denied because Plaintiff has pled sufficient facts to state a claim for relief that is plausible on its face.[2] See Douglass, 765 F.3d at 306; Styer, 2015 U.S. Dist. LEXIS 92349, at *23.

IV. **CONCLUSION**

In light of the foregoing, Defendant's motion for judgment on the pleadings will be denied.

A separate Order will be issued.


DATE: July 22, 2015                                       /s/ William J. Nealon
                                                          **United States District Judge**

---

2. Contrary to Defendant's assertion, it need not be decided at this juncture in the proceedings whether section 1692f(8) contains a benign symbol exception. Thus, this Court expresses no opinion as to the benign symbol exception that some courts have adopted. It should be noted, however, that section 1692f(8) should not be read to create absurd results. See Douglass, 765 F.3d at 306 n.9.