UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA KOSTIK, <br>     Plaintiff <br><br> v. <br><br> ARS NATIONAL SERVICES, INC., <br>     Defendant | CIVIL ACTION NO. 3:14-CV-2466 <br> (Judge Nealon) |

## MEMORANDUM

Presently before the Court is Defendant's "Motion to Certify For Interlocutory Review," which seeks an order certifying this Court's July 22, 2015 Order for interlocutory review pursuant to 28 U.S.C. § 1292(b). (Doc. 13). The motion has been fully briefed, and is ripe for disposition. For the reasons set forth below, Defendant's motion will be denied.

### I. BACKGROUND

On December 1, 2014, Plaintiff, Lisa Kostik, sued Defendant, ARS National Services, Inc., under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). (Doc. 1). Plaintiff alleges that Defendant violated section 1692f(8) of the FDCPA when it disclosed a barcode, which when electronically scanned would reveal Plaintiff's account number, on a debt collection envelope. (Id.). On March 31, 2015, Defendant filed a motion for judgment on the pleadings. (Doc. 8). Defendant argued that Plaintiff's claim should be dismissed

because a debt collector's disclosure of a barcode embedded with the plaintiff's account number could not constitute a violation under section 1692f(8) of the FDCPA. (Doc. 9, pp. 12-24). The Court disagreed and denied Defendant's motion on July 22, 2015. (Docs. 11, 12). Defendant now moves to certify the July 22, 2015 Order for interlocutory review pursuant to 28 U.S.C. § 1292(b). (Docs. 13, 14).

## II. DISCUSSION

Pursuant to section 1292(b):

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b). Thus, for a district court to certify a question of law to the Court of Appeals, the case must (1) involve a controlling question of law; (2) as to which there is substantial ground for a difference of opinion; and (3) an immediate

appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); Tristani ex rel. Karnes v. Richman, 652 F.3d 360, 365 (3d Cir. 2011); Sakalas v. Wilkes-Barre Hosp. Co., 2012 U.S. Dist. LEXIS 146723, at *2-3 (M.D. Pa. 2012) (Mariani, J.) (citations omitted). "The decision to certify for interlocutory appeal rests with the district court, and the burden to demonstrate that certification is appropriate lies with the moving party." Weitzner v. Sanofi Pasteur, Inc., 2014 U.S. Dist. LEXIS 62039, at *3-4 (M.D. Pa. 2014) (Caputo, J.) (citing Orson v. Miramax Film Corp., 867 F. Supp. 319, 320 (E.D. Pa. 1994)). "Further, a court should exercise its discretion mindful of the strong policy against piecemeal appeals." Eisenberger v. Chesapeake Appalachia, LLC, 2010 U.S. Dist. LEXIS 44017, at *11 (M.D. Pa. 2010) (Caputo, J.) (citing Link v. Mercedes-Benz of N. Am., 550 F.2d 860, 863 (3d Cir. 1977), cert. denied, 431 U.S. 933 (1977)). "Moreover, Section 1292(b) certification is appropriate only in exceptional circumstances." Weitzner, 2014 U.S. Dist. LEXIS 62039, at *5 (citing U.S. v. Nixon, 418 U.S. 683, 690 (1974)); Ford v. Lehigh Rest. Grp., Inc., 2014 U.S. Dist. LEXIS 108041, at *4 (M.D. Pa. 2014) (Munley, J.) ("The Third Circuit has further explained that 'Congress intended that section 1292(b) should be sparingly applied . . . .'") (quoting Milbert v. Bison Lab., Inc., 260 F.2d 431, 433 (3d Cir. 1958); and citing Sporck v. Peil, 759 F.2d 312, 315 n.4 (3d Cir. 1985)).

Additionally, even if the movant has made a strong showing "under all three elements required under § 1292(b), a district court may nonetheless deny interlocutory appeal [footnote omitted] . . . ." Principal Life Ins. Co. v. DeRose, 2012 U.S. Dist. LEXIS 65743, at *3 (M.D. Pa. 2012) (Conner, J.).[1] Furthermore, "the court should not certify questions of relatively clear law merely because the losing party disagrees with the court's analysis." Knopick v. Downey, 963 F. Supp. 2d 378, 398 (M.D. Pa. 2013) (Rambo, J.) (citing Elec. Mobility Corp. v. Bourns Sensors/Controls, 87 F. Supp. 2d 394, 398 (D.N.J. 2000)).

Here, the second factor in section 1292(b) is determinative, specifically whether there is substantial ground for difference of opinion as to the correctness of the Court's July 22, 2015 Memorandum and Order. "A substantial ground for difference of opinion exists when there is genuine doubt or conflicting precedent as to the correct legal standard." Sakalas, 2012 U.S. Dist. LEXIS 146723, at *4 (citing P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp., 161 F. Supp. 2d 355, 360 (D.N.J. 2001)). Said differently, "[a] substantial ground for difference of

---

[1] Plaintiff initially argues that Defendant's instant motion is untimely. (Doc. 16, pp. 3-5). However, that argument is unavailing because a district court may amend and certify an order for interlocutory appeal at any time. A.S. ex rel. Miller v. SmithKline Beecham Corp., 2013 U.S. Dist. LEXIS 173975, at *9-10 n.4 (M.D. Pa. 2013) (Conner, J.) (citing Kenworthy v. Hargrove, 826 F. Supp. 138, 140 (E.D. Pa. 1993)).

opinion exists when controlling authority fails to resolve a pivotal matter." In re Chocolate Confectionary Antitrust Litigation, 607 F. Supp. 2d 701, 705-06 (M.D. Pa. 2009) (Conner, J.) (citing Knipe v. SmithKline Beecham, 583 F. Supp. 2d 553, 599 (E.D. Pa. 2008); EBC, Inc. v. Clark Blidg. Sys., 2008 U.S. Dist. LEXIS 21018 (W.D. Pa. 2008)). "The clearest evidence of 'substantial grounds for difference of opinion' is where 'there are conflicting interpretations from numerous courts.'" Knopick, 963 F. Supp. 2d at 398 (quoting Beazer E., Inc. v. The Mead Corp., 2006 U.S. Dist. LEXIS 74743, at *7 (W.D. Pa. 2006)); see Weitzner, 2014 U.S. Dist. LEXIS 62039, at *6 (finding a substantial ground for difference of opinion because, inter alia, "'[t]he Circuits are split on the question . . . .'"). But see Freedom Med., Inc. v. Gillespie, 2013 U.S. Dist. LEXIS 103301, at *15 (E.D. Pa. 2013) ("A circuit split between our Court of Appeals and the courts of appeals for other circuits does not make Third Circuit precedent any less binding and cannot be said to create a 'substantial ground for difference of opinion' when it comes to issues of law before this Court.").

Defendant claims that there are substantial grounds for difference of opinion as to whether the disclosure of a barcode allegedly embedded with plaintiff's account number on a debt collection envelope can constitute a violation of section 1692f(8). (Doc. 14, pp. 2-7); (Doc. 18, pp. 6-9). In support of this argument,

Defendant directs the Court's attention to a number of district court decisions that have considered section 1692f under the same or similar circumstances present sub judice, but found that the FDCPA had not been violated. (Doc. 14, pp. 2-7).

Defendant first cites to two (2) decisions from the United States District Court for the Eastern District of Pennsylvania. (Id. at pp. 2-3). Specifically, Defendant directs the Court's attention to Waldron v. Professional Medical Management, 2013 U.S. Dist. LEXIS 34402 (E.D. Pa. 2013), and Douglass v. Convergent Outsourcing, 2013 U.S. Dist. LEXIS 110708 (E.D. Pa. 2013) ("Douglass I"), rev'd, 765 F.3d 299 (3d Cir. 2014). In Waldron, the district court granted summary judgment in favor of the defendant after finding that the defendant's disclosure of a quick response code embedded with the plaintiff's account number on a debt collection envelope did not violate the FDCPA. Waldron, 2013 U.S. Dist. LEXIS 34402, at *15. In Douglass I, the district court granted summary judgment in favor of the defendant after finding that the defendant's disclosure of the plaintiff's account number and a quick response code, which was embedded with the plaintiff's account number, on a debt collection envelope did not violate the FDCPA. Douglass I, 2013 U.S. Dist. LEXIS 110708, at *18, 20.

While Defendant acknowledges that the decision in Douglass I was

6

overturned by the United States Court of Appeals for the Third Circuit in Douglass v. Convergent Outsourcing, 765 F.3d 299 ("Douglass II"),[2] it contends that the "narrow Third Circuit ruling in Douglass pertained only to circumstances where the account number itself is printed on an envelope without the protection of being stored in a code." (Doc. 14, p. 4) (citing Douglass II, 765 F.3d at 302). Thus, according to Defendant, the portions of the decisions in Waldron and Douglass I finding that a quick response code embedded with the plaintiff's account number did not violate the FDCPA remain valid and therefore, support a finding that substantial grounds for a difference of opinion exist as to this Court's July 22, 2015 Order. (Id. at pp. 2-4, 7).

Defendant also cites to a number of district court decisions from outside the Third Circuit: Perez v. Global Credit and Collection Corp.;[3] Gelinas v. Retrieval-Masters Creditors Bureau, Inc.;[4] Gonzalez v. FMS, Inc.;[5] Davis v. MRS BPO,

---

[2] The Third Circuit reversed the district court's grant of summary judgment in favor of the defendant as to the disclosure of the plaintiff's account number on a debt collection envelope. Douglass II, 765 F.3d at 306. The Third Circuit did not reach the district court's decision regarding the quick response code at issue. Id. at 301 n.4.

[3] 2015 U.S. Dist. LEXIS 98692 (S.D.N.Y. July 27, 2015).

[4] 2015 U.S. Dist. LEXIS 100470 (W.D.N.Y. July 22, 2015).

[5] 2015 U.S. Dist. LEXIS 87660 (N.D. Ill. July 6, 2015).

LLC;[6] and Sampson v. MRS BPO, LLC.[7] (Doc. 14, pp. 4-7). In Perez and Sampson, the respective district courts found that the disclosure of an account number on a debt collection envelope does not constitute a violation under section 1692f(8) of the FDCPA. Perez, 2015 U.S. Dist. LEXIS 98692, at *2, 12-13; Sampson, 2015 U.S. Dist. LEXIS 32422, at *2; see also Gelinas, 2015 U.S. Dist. LEXIS 100470, at *2, 8-9 (held that displaying an "invoice number" on a debt collection envelope was not a violation of section 1692f(8)). In Davis, the United States District Court for the Northern District of Illinois held that the disclosure of a "sequence of over 60 letters and numbers" which "appeared on the envelope above Plaintiff's name and address" was not a violation of the FDCPA. Davis, 2015 U.S. Dist. LEXIS 91726, at *1-2, 9-15. In Gonzalez, the United States District Court for the Northern District of Illinois held that the disclosure of an "eight-digit account number representing [the plaintiff's] debt assigned by [the defendant]" embedded within a "fifteen-digit number" was benign and thus, did not violate the FDCPA. Gonzalez, 2015 U.S. Dist. LEXIS 87660, at *17. Notably, in Perez, Davis, Gonzalez, and Gelinas, the Third Circuit's decision in Douglass II was considered as persuasive authority, but was either distinguished

---

[6] 2015 U.S. Dist. LEXIS 91726 (N.D. Ill. July 15, 2015).

[7] 2015 U.S. Dist. LEXIS 32422 (N.D. Ill. Mar. 17, 2015).

or rejected. See Perez, 2015 U.S. Dist. LEXIS 98692, at *9; Gelinas, 2015 U.S. Dist. LEXIS 100470, at *8; Davis, 2015 U.S. Dist. LEXIS 91726, at *13; Gonzalez, 2015 U.S. Dist. LEXIS 87660, at *15.

While the aforementioned district court decisions from outside of the Third Circuit clearly establish that courts have either disagreed with or declined to follow the Third Circuit's reasoning in Douglass II, those cases fail to demonstrate that there is a substantial ground for difference of opinion as to the application of Douglass II within the Third Circuit. See Freedom Med., Inc., 2013 U.S. Dist. LEXIS 103301, at *15.

In regards to Defendant's reliance on Douglass I and Waldron, although the these cases were decided within the jurisdiction of the Third Circuit, and contradict the conclusion reach by this Court in its July 22, 2015 Memorandum and Order, they also fail to establish that there is a substantial ground for difference of opinion as to the application of Douglass II within the Third Circuit. Importantly, both cases pre-date the Third Circuit's decision in Douglass II, the authority upon which this Court relied in reaching its decision to deny Defendant's underlying motion. Thus, clearly, both cases were decided without the benefit of the Third Circuit's analysis and reasoning regarding what constitutes a violation of

section1692f(8) of the FDCPA.[8] Consequently, <u>Douglass I</u> and <u>Waldron</u> fail to sufficiently establish substantial grounds for a difference of opinion as to whether a debt collector's disclosure of a barcode embedded with the plaintiff's account number can constitute a violation of section 1692f(8) subsequent to the Third Circuit's decision in <u>Douglass II</u>.

Notably, Defendant has not cited to a decision from the Third Circuit that has applied <u>Douglass II</u> in a manner that conflicts with this Court's July 22, 2015 Memorandum and Order presently at issue. Rather, there have been number of decisions from within the jurisdiction of the Third Circuit that have applied

---

[8] Furthermore, the United States District Court for the Eastern District of Pennsylvania has recently addressed whether a violation of the FDCPA occurred when the defendant sent "debt collection letters in envelopes that display[ed] through a glassine window a 'quick response' ('QR') code that, when read or scanned, reveal[ed] the account number of the alleged debt that the Defendant assign[ed] to the consumer and his/her account." <u>Pirrone v. NCO Fin. Sys.</u>, 2015 U.S. Dist. LEXIS 163747, at *1 n.1 (E.D. Pa. Nov. 30, 2015). The district court, in reaching its decision to deny the defendant's motion for judgment on the pleadings, stated that "even if the Court were to adopt a 'benign symbol' exception, a QR Code is not benign because it contains 'a core piece of information pertaining to the plaintiff's status as a debtor' and if disclosed to the public, '*could be used* to expose [the plaintiff's] financial predicament.'" <u>Id.</u> at *5 n.1 (emphasis and alterations in original) (quoting <u>Douglass II</u>, 765 F.3d at 303; citing <u>Park v. ARS Nat'l Servs., Inc.</u>, 2015 U.S. Dist. LEXIS 147171 (D.N.J. Oct. 30, 2015); <u>Kostik v. ARS Nat'l Servs., Inc.</u>, 2015 U.S. Dist. LEXIS 2015 U.S. Dist. LEXIS 95230; <u>Styer v. Prof'l Med. Mgmt.</u>, 2015 U.S. Dist. LEXIS 92349 (M.D. Pa. July 15, 2015) (Nealon, J.)). As a result, the district court concluded that "construing the facts alleged in the light most favorable to Plaintiff, the Court sees no principled basis to depart from the Third Circuit's decision in <u>Douglass [II]</u>." <u>Id.</u>

Douglass II to circumstances similar to those sub judice and reached decisions consistent with this Court's July 22, 2015 Memorandum and Order. For example, in Park v. ARS National Services, Inc.,[9] the plaintiff alleged a violation of section 1692f(8) of the FDCPA due to, inter alia, the debt collector defendant's disclosure of a barcode containing the plaintiff's account number on a debt collection envelope. Park, 2015 U.S. Dist. LEXIS 147171, at *2-4. The defendant moved for judgment on the pleadings by arguing that the plaintiff's amended complaint failed to sufficiently state a claim under the FDCPA. Id. at *3. The district court denied the defendant's motion as a result of its "analysis of the FDCPA and the Third Circuit's Douglass opinion . . . ." Id. at *13. Thus, Park supports the Court's conclusion that, subsequent to Douglass II, there are not sufficient grounds for a difference of opinion within the jurisdiction of the United States Court of Appeals for the Third Circuit as to whether a debt collector's disclosure of a barcode embedded with the plaintiff's account number can constitute a violation of section 1692f(8) of the FDCPA. Id. at *7-13; see also Berry v. ARS Nat'l

---

[9] On November 2, 2015, Plaintiff filed a "Notice of Supplemental Authority Related to Defendant's Motion to Certify for Interlocutory Review." (Doc. 20). Plaintiff indicates that Park and Link v. ARS National Services, Inc., 2015 U.S. Dist. LEXIS 164938 (W.D. Pa. Nov. 2, 2015), adopted by, 2015 U.S. Dist. LEXIS 164263 (W.D. Pa. Dec. 8, 2015), "followed this Court's decision denying Defendant's motion for judgment on the pleadings." (Doc. 20, p. 1).

Servs., Inc., 2015 U.S. Dist. LEXIS 171043, at *8-11 (E.D. Pa. Dec. 23, 2015); Pirrone, 2015 U.S. Dist. LEXIS 163747, at *5 n.1; Link, 2015 U.S. Dist. LEXIS 164938, at *7-14, adopted by, 2015 U.S. Dist. LEXIS 164263, at *3.

Defendant contends that Park and Link,[10] while reaching the conclusion that disclosure of a barcode embedded with an account number violates the FDCPA under Douglass II, actually support the granting of its instant motion. (Doc. 28). Defendant states that Park and Link "specifically discussed the importance of the Third Circuit ruling on this issue." (Id. at pp. 1-2). Thus, Defendant essentially argues that Park and Link provide further support for its earlier contention that "[t]he only appellate opinion touching this question (Douglass [II]) does not extend itself to the factual circumstances of this case and requires immediate, further exposition by the United States Court of Appeals for the Third Circuit." (Doc. 14, p. 7); see (Doc. 28, p. 1) (Park and Link "support [Defendant's] position that the Third Circuit should finally have the opportunity to clarify its holding in

---

[10] In Link, United States Magistrate Judge Robert C. Mitchell issued a report recommending that the defendant's motion for judgment on the pleadings, which argued that a barcode embedded with the plaintiff's account number did not violate the FDCPA, be denied. Link, 2015 U.S. Dist. LEXIS 164938, at *7-14; see Link v. ARS Nat'l Servs., Inc., 2015 U.S. Dist. LEXIS 164263, at *1 (W.D. Pa. Dec. 8, 2015). On December 8, 2015, Magistrate Judge Mitchell's report and recommendation was adopted by the United States District Court for the Western District of Pennsylvania and thus, the defendant's motion for judgment on the pleadings was denied. Link, 2015 U.S. Dist. LEXIS 164263, at *3.

[Douglass II] and explain whether a barcode should be analyzed under a different standard than an account number."). However, merely because the Third Circuit has not addressed a factual scenario does not necessarily lead to the conclusion that there is an absence of controlling law. See United States ex rel. Nevyas v. Allergan, Inc., 2015 U.S. Dist. LEXIS 86243, at *7 (E.D. Pa. July 2, 2015).

Even if it was determined that there was a lack of controlling law as to the issue presented, while the fact that the Third Circuit has yet to directly address an issue weighs in favor of certification, it is "far different from demonstrating that grounds for a substantial difference of opinion exists . . . ." Pappa v. Unum Life Ins. Co. of Am., 2008 U.S. Dist. LEXIS 39560, at *4 (M.D. Pa. 2008) (Caputo, J.); see Smith v. Conseco Life Ins. Co., 2014 U.S. Dist. LEXIS 149323, at *4 (D.N.J. 2014) ("not all matters of first impression produce genuine doubt as to the correct legal standard."); In re Chocolate Confectionary Antitrust Litigation, 607 F. Supp. 2d at 706 (lack of binding precedent supports certification) (citing Knipe, 583 F. Supp. 2d at 600; Morgan v. Ford Motor Co., 2007 U.S. Dist. LEXIS 5455, at *23-34 (D.N.J. 2007); Chase Manhattan Bank v. Iridium Africa Corp., 324 F. Supp. 2d 540, 545 (D. Del. 2004)). "[T]he fact that this case may involve an issue of first impression does not warrant certification pursuant to § 1292(b)." Larsen v. Senate of Pa., 965 F. Supp. 607, 609 (M.D. Pa. 1997) (Rambo, J.). "If questions of first

13

impression alone were sufficient to warrant certification for an immediate appeal, our Court of Appeals would be besieged with piecemeal interlocutory appeals." Shaup v. Frederickson, 1998 U.S. Dist. LEXIS 18532 (E.D. Pa. 1998).

Consequently, based on the foregoing, Defendant has not sufficiently demonstrated that there is a substantial ground for a difference of opinion within the Third Circuit as to the application of Douglass II to circumstances similar to those sub judice. As a result, the Court will deny Defendant's motion.

### III. CONCLUSION

Based on the foregoing, Defendant's "Motion to Certify For Interlocutory Review," which seeks an order certifying this Court's July 22, 2015 Order for interlocutory review pursuant to 28 U.S.C. § 1292(b), (Doc. 13), will be denied. A separate Order will be issued.

Date: January 5, 2016                     /s/ William J. Nealon
                                          **United States District Judge**